**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., et al.,[1]<br><br>Debtors. | : | Chapter 11<br><br>Case No. 15-11323 (KJC)<br><br>(Jointly Administered) |
| Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al.,<br><br>Plaintiff,<br><br>v.<br><br>Mark Dunaway,<br><br>Defendant. | : | Adv. Pro. No. ____________ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550**

Plaintiff Gavin/Solmonese, LLC, Liquidation Trustee (the "Liquidation Trustee") for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al. (collectively, the "Debtors" and each a "Debtor"), by and through its undersigned attorneys, files this complaint (the "Complaint") to avoid and recover certain transfers against Mark Dunaway (the "Defendant"), and in support thereof alleges as follows:

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334(b) and the Confirmation Order (defined below).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

4. On June 19, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), thereby commencing the above-captioned jointly administered cases.

5. On February 23, 2017, the Court entered an order (the "Confirmation Order ") confirming the *Amended Joint Combined Disclosure Statement and Chapter 11 Plan of Liquidation Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") which vested substantially all of the Debtors' tangible and intangible assets of the Debtors in the Liquidation Trustee. See Case No. 15-11323 (KJC), D.I. 517.

6. The Plan became effective on March 9, 2017. Pursuant to the Confirmation Order and the Plan, the Liquidation Trustee has the exclusive authority and discretion to investigate, file and prosecute this cause of action.

7. Defendant is an individual who resides in the State of California.

**FACTS**

8. The Debtors provided a range of fluid management services to oil and gas producers, including the safe, controlled disposal of flowback and produced water. The Debtors operated in the Bakken Shale region of North Dakota and Montana. The Debtors' saltwater disposal facility (the "Pembroke Facility") was available for saltwater and incidental non-hazardous oil and gas waste disposal. The Debtors also removed and sold the trace amount of oil that remains in the water disposed at the Pembroke Facility.

9. Prior to the Petition Date, the Debtors, as fluid management service providers to oil and gas producers, maintained business relationships with various business entities, through which the Debtors regularly purchased, sold, received and/or delivered goods and services to vendors, creditors, suppliers and distributors. The Debtors paid for those goods and services to facilitate their business.

10. The Debtors utilized a largely centralized cash management system (the "Cash Management System") to collect and transfer funds from numerous sources and accounts and disburse funds to satisfy obligations arising from the daily operations of their businesses prior to the Petition Date.

11. According to the Debtors' Cash Management System, during the two (2) years prior to the Petition Date, the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise, to certain entities.

12. During the year prior to the Petition Date and at all relevant times hereto, Defendant was an insider of the Debtors under section 101(31) of the Bankruptcy Code.

13. According to the Liquidation Trustee's analysis of all readily available information, the Liquidation Trustee has determined that the Debtors transferred interests in the Debtors' property to or for the benefit of the Defendant in the amount of Ninety Thousand Dollars ($90,000.00) within one year of the Petition Date (the "Transfers").

14. The details of the Transfers, identified by the respective Debtor, the clear date and the amount, are set forth on Exhibit A attached hereto and incorporated by reference herein.

15. The Liquidation Trustee reserves the right to amend this Complaint including, but not limited to, information regarding the Defendant, additional Transfers, additional causes of action, and additional defendants.

**CLAIMS FOR RELIEF**

**COUNT I**

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)**

16. The Liquidation Trustee repeats and re-alleges the allegations in Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

17. The Transfers were made to or for the benefit of the Defendant, a creditor of one of more of the Debtors at the time each of the Transfers was made.

18. The Transfers were made on account of an antecedent debt owed by one or more of the Debtors before such transfers were made.

19. The Transfers were made within one (1) year before the Petition Date to the Defendant who was an insider of the Debtors.

20. At the time that each of the Transfers was made, the sum of the Debtors' debts exceeded the sum of their property at a fair valuation.

21. Upon information and belief, the Transfers enabled the Defendant to receive more on account of antecedent debts owed by one or more of the Debtors than the Defendant would have received if, as of the date of each such transfer, the Debtors had commenced cases under chapter 7 of the Bankruptcy Code, each particular Transfer had not been made, and the Defendant received payment on account of the corresponding antecedent debt to the extent provided by the provisions of the Bankruptcy Code.

22. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547.

**COUNT II**

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)**

23. The Liquidation Trustee repeats and re-alleges the allegations in Paragraphs 1 through 15 of this Complaint as if fully set forth herein.

24. Alternatively, to the extent that one or more of the Transfers were not on account of an antecedent debt, upon information and belief, one or more of the Debtors received less than a reasonably equivalent value in exchange for such transfers.

25. The Transfers either: (a) were made while the respective Debtor or Debtors were insolvent or caused the respective Debtor or Debtors to become insolvent as a result of such transfers; (b) left the respective Debtor or Debtors with unreasonably small capital; and/or (c) were made while the respective Debtor or Debtors intended to incur, or believed that it had incurred, debts that it would not be able to pay as they became due.

26. By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544(b) and 548

**COUNT III**

**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

27. The Liquidation Trustee repeats and re-alleges the foregoing allegations as if fully set forth herein.

28. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of the initial transferee of the Transfers.

29. The value of the Transfers, to the extent they are avoided pursuant to 11 U.S.C. § 547 or 548, may be recovered by the Liquidation Trustee pursuant to 11 U.S.C. § 550.

**PRAYER FOR RELIEF**

WHEREFORE, the Liquidation Trustee respectfully requests that this Court enter a judgment in its favor and against the Defendant as follows:

A. Finding that all Transfers are avoidable pursuant to 11 U.S.C. § 547(b) in the amount of Ninety Thousand Dollars ($90,000.00) and are avoided;

B. Alternatively, finding that all Transfers are avoidable pursuant to 11 U.S.C. § 548 in the amount of Ninety Thousand Dollars ($90,000.00) and are avoided;

C. Finding that all Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 547 or 548, be recovered by the Liquidation Trustee pursuant to 11 U.S.C. § 550;

D. Entering judgment against Defendant in the amount of Ninety Thousand Dollars ($90,000.00);

E. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

G. Ordering the Defendant to pay the judgment amount, plus pre- and post-judgment interest, awarded in favor of the Liquidation Trustee; and

H. Granting Liquidation Trustee such other and further relief as the Court deems just and proper.

Dated: June 19, 2017

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

/s/ Thomas M. Horan
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 480-9412
E-mail: thoran@shawfishman.com
E-mail: jdarby@shawfishman.com

-and-

Allen J. Guon
Allison Hudson
321 N. Clark St., Suite 800
Chicago, IL 60654
Telephone: (312) 980-3836
E-mail: ahudson@shawfishman.com

*Counsel to Gavin/Solmonese LLC, Liquidation Trustee*