# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Citadel Watford City Disposal Partners, L.P., et al.,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 15-11323 (KJC)<br><br>(Jointly Administered) |
| Gavin/Solmonese LLC, Liquidation Trustee for the Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al.,<br><br>            Plaintiff,<br><br>v.<br><br>Bakken Water Depot, LLC,<br>Mark Dunaway,<br><br>            Defendants. | **Objection Deadline: December 15, 2017 at 4:00 p.m. (ET)**<br>**No hearing will be held unless requested or ordered**<br>**by the Court.**<br><br>Adv. Pro. No. 17-50649 (KJC)<br>Adv. Pro. No. 17-50651 (KJC) |

**MOTION FOR ENTRY OF AN ORDER (A) UNDER 11 U.S.C. §§ 105(A) AND 107(B),
FED. R. BANKR. P. 9018, AND DEL. BANKR. L.R. 9018 AUTHORIZING
THE LIQUIDATION TRUSTEE TO FILE ITS MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT UNDER SEAL, AND (B) FOR RELIEF FROM THE
BRIEFING REQUIREMENTS CONTAINED IN LOCAL RULE 7007-1**

Plaintiff Gavin/Solmonese LLC, Liquidation Trustee (the "Liquidation Trustee") for the

Citadel Creditors' Grantor Trust, successor to Citadel Watford City Disposal Partners, L.P., et al.

(collectively, the "Debtors" and each a "Debtor"), by and through its undersigned attorney, files

this motion (the "Motion") for entry of an order (the "Order"), substantially in the form attached

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

{12058-001 MOT A0491041.DOCX}

hereto as Exhibit A, (A) pursuant to Sections 105(a) and 107(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Liquidation Trustee to file under seal its Motion for Leave to File Amended Complaint (the "Amended Complaint Motion") in the adversary proceedings styled (i) Gavin/Solmonese, the Liquidation Trustee v. Bakken Water Depot, LLC, Adv. Proc. No. 17-50649, against defendant Bakken Water Depot, LLC ("Bakken") (the "Bakken Adversary Proceeding") and (ii) Gavin/Solmonese, Liquidation Trustee v. Mark Dunaway, Adv. Proc. No. 17-50651, against defendant Mark Dunaway ("Dunaway") (the "Dunaway Adversary Proceeding") (collectively, the "Adversary Proceedings"), and (B) for relief from the briefing requirements contained in Local Rule 7007-1. In support of this Motion, the Liquidation Trustee respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory bases for the relief requested herein are Sections 105(a) and 107(b) of the Bankruptcy Code.

## BACKGROUND

4. On June 19, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under 11 U.S.C. §§ 101, et seq., thereby commencing the above-captioned jointly administered cases.

5. On June 19, 2017, the Liquidation Trustee filed its complaint in the Bakken Adversary Proceeding (the "Bakken Complaint"). See Adv. Proc. No. 17-50649 (KJC), D.I. 1.

6. On June 22, 2017, the Summons and Complaint filed in the Bakken Adversary Proceeding were served on Bakken. Id., D.I. 3.

7. On August 21, 2017, an amended Summons and the Bakken Complaint were served on Bakken. Id., D.I. 5.

8. On September 21, 2017, a request for entry of default was filed against Bakken. Id., D.I. 8.

9. On September 22, 2017, the Clerk of the Court entered a default against Bakken. Id., D.I. 10. As of the date of the filing of the instant Motion, s request for entry of default judgment has not been filed.

10. On June 19, 2017, the Liquidation Trustee filed its complaint in the Dunaway Adversary Proceeding (the "Dunaway Complaint"). See Adv. Proc. No. 17-50651 (KJC), D.I. 1.

11. On September 15, 2017, the Summons and Dunaway Complaint were served on counsel for Dunaway. Id., at D.I. 3.

12. On October 16, 2017, Dunaway filed his answer to the complaint. Id., at D.I. 4.

13. As explained more fully in the Amended Complaint Motion filed contemporaneously herewith, on November 9, 2017, counsel for the Liquidation Trustee received a document that contains a confidentiality provision but nevertheless contains information regarding a certain transfer that serves as the basis for its Amended Complaint Motion.

**RELIEF REQUESTED**

14. By this Motion, the Liquidation Trustee seeks entry of an order, pursuant to Bankruptcy Code Sections 105(a) and 107(b), Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Liquidation Trustee to file a redacted version of its Amended Complaint Motion

in the Adversary Proceedings. Certain information contained in the Amended Complaint Motion was derived from a document that contains a confidentiality provision.

15. It is the Liquidation Trustee's position that the confidentiality provision does not bind the Liquidation Trustee, and there were no limitations placed on the use of the document it received; notwithstanding, out of an abundance of caution, the Liquidation Trustee seeks the relief requested in this Motion.

16. The Liquidation Trustee will serve an unredacted version of its Amended Complaint Motion on Bakken and Dunaway.

## **BASIS FOR RELIEF**

17. The Bankruptcy Code and the Bankruptcy Rules authorize this Court to limit the disclosure of certain confidential information to protect entities from potential harm. Bankruptcy Code Section 107(b) provides, in relevant part, as follows:

> On request for a party in interest, the bankruptcy court shall
>
> *   *   *
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. 107(b)(2).

18. Bankruptcy Rule 9018 sets forth the procedure by which a party in interest may seek an order protecting the disclosure of confidential proprietary information. Bankruptcy Rule 9018 provides, in relevant part, as follows:

> On motion or on its own initiative, with or without notice, the Court may make any order which justice requires … (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code….

Fed. R. Bankr. P. 9018. The Court has broad authority to issue a protective order under Bankruptcy Rule 9018. See In re Global Crossing Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y.

2003 ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.' The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.").

19. While "there is a strong presumption and public policy in favor of public access to court records," the signatories to the document bargained for the promise of confidentiality of the terms of the document. In re Food Mgt Group, LLC, 359 B.R. 543, 553 (Bankr. S.D.N.Y. 2007). It is not for the Liquidation Trustee to deprive the signatories of the benefit of their bargain. That, coupled with the fact that the Liquidation Trustee is not a signatory to the document who could potentially waive the confidentiality provision, should support the Court's broad exercise of authority to protect confidential documents.

20. The Court should permit the Liquidation Trustee to file the Amended Complaint Motion under seal, because the document on which the Liquidation Trustee bases its Amended Complaint Motion contains a confidentiality provision that prevents disclosure of the document's terms. Therefore, the Amended Complaint Motion should be sealed pending further order of the Court.

21. The Court should also relieve the Liquidation Trustee from the briefing requirements of Local Rule 7007-1 due to the narrow relief sought by this Motion.

## NOTICE

22. Notice of this Motion will be given to Bakken and Dunaway. The Liquidation Trustee submits that, under the circumstances, no other or further notice is required.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Liquidation Trustee respectfully requests that the Court enter an order, substantially in the form attached as Exhibit A, (i) authorizing the Liquidation Trustee to file the Amended Complaint Motion under seal in the Adversary Proceedings, (ii) affording it relief from the briefing requirements contained in Local Rule 7007-1, and (iii) granting such other relief as may be just and proper.

Dated: December 1, 2017

**SHAW FISHMAN GLANTZ & TOWBIN LLC**

/s/ Thomas M. Horan
Thomas M. Horan (DE Bar No. 4641)
Johnna M. Darby (DE Bar No. 5153)
300 Delaware Ave., Suite 1370
Wilmington, DE 19801
Telephone: (302) 691-3774
E-mail: thoran@shawfishman.com
E-mail: jdarby@shawfishman.com

-and-

Allen J. Guon
Allison Hudson
321 N. Clark St., Suite 800
Chicago, IL 60654
Telephone: (312) 541-0151
E-mail: aguon@shawfishman.com
E-mail: ahudson@shawfishman.com

*Counsel to Gavin/Solmonese LLC, Liquidation Trustee*