## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | : | Chapter 11 |
| In re: | : | |
| Citadel Watford City Disposal Partners, | : | Case No. 15-11323 (KJC) |
| L.P., *et al.*,[1] | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| | : | |
| | : | |
| Gavin/Solmonese, Liquidation Trustee | : | |
| for the Citadel Creditors' Grantor Trust, | : | |
| successor to Citadel Watford City | : | |
| Disposal Partners, L.P., *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adv. Pro. No. 17-50651-KJC |
| v. | : | |
| | : | |
| Mark Dunaway, | : | |
| | : | |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT

Defendant Mark Dunaway ("Dunaway" or the "Defendant"), by his undersigned attorneys, hereby submits its answer and affirmative defenses to the *Amended Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548 and 550* (the "Amended Complaint") filed by Gavin/Solmonese, Liquidation Trustee for the Citadel Creditors' Grantor Trust (the "Liquidation Trustee") and states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Citadel Energy Services, LLC (7762); Pembroke Fields, LLC (0341); Citadel Energy SWD Holdings, LLC (5266) and Citadel Watford City Disposal Partners, LP (1520). The address for each Debtor is c/o Gavin/Solmonese LLC, Liquidation Trustee, 919 N. Market St., Suite 600, Wilmington, DE 19801.

## STATEMENT PURSUANT TO DEL. BANKR. L.R. 7012-1

Pursuant to the Local Rules for the United State Bankruptcy Court for the District of Delaware, Defendant does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## JURISDICTION AND VENUE

1.      Paragraph 1 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a further response is required, DENIED.

2.      Paragraph 2 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a further response is required, DENIED.

3.      Paragraph 3 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a further response is required, DENIED.

## PARTIES

4.      Admitted.

5.      With respect to Paragraph 5 of the Amended Complaint, the Confirmation Order and Plan, as defined in the Amended Complaint, are legal documents which speak for themselves and to which no response is required. Defendant DENIES any characterization of the Plan and Confirmation Order to the extent such characterization differs from the documents themselves. Defendant specifically DENIES that the Confirmation Order and Plan vested in the Liquidation Trustee substantially all of the Debtors' tangible and intangible assets of the Debtors.

6.      With respect to Paragraph 6 of the Amended Complaint, the Plan is a legal document which speaks for itself and to which no response is required. Defendant DENIES any

characterization of the Plan to the extent such characterization differs from the documents themselves. Admitted that the Effective Date is March 9, 2017.

7.    Admitted.

## FACTS

8.    Admitted.

9.    Admitted.

10.    With respect to Paragraph 10 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and consequently DENIES the same.

11.    With respect to Paragraph 11 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and consequently DENIES the same.

12.    Paragraph 12 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a further response is required, DENIED.

13.    With respect to Paragraph 13 of the Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and consequently DENIES the same.

14.    Paragraph 14 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a further response is required, DENIED.

15.    Paragraph 14 of the Amended Complaint contains legal conclusions to which no response is required. Defendant ADMITS that the Exhibit A attached to the Amended Complaint identifies certain alleged Transfers by Debtor, clear date, and amount. To the extent a further response is required, DENIED.

16.     Paragraph 16 of the Amended Complaint purports to be a reservation of rights for which no response is required. Otherwise, DENIED.

## CLAIMS FOR RELIEF

### COUNT I

17.     Defendant repeats and re-asserts his responses in paragraphs 1 through 16 above as if set forth fully herein.

18.     Paragraph 18 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a further response is required, DENIED.

19.     Paragraph 19 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a further response is required, DENIED.

20.     Paragraph 20 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a further response is required, DENIED.

21.     Denied.

22.     Denied.

23.     Paragraph 23 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a further response is required, DENIED.

### COUNT II

24.     Defendant repeats and re-asserts his responses in paragraphs 1 through 23 above as if set forth fully herein.

25.     Denied.

26.     Denied.

27.     Paragraph 27 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a further response is required, DENIED.

## COUNT III

28.      Defendant repeats and re-asserts his responses in paragraphs 1 through 27 above as if set forth fully herein.

29.      Paragraph 29 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a further response is required, DENIED.

30.      Paragraph 30 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a further response is required, DENIED.

## PRAYER FOR RELIEF

The WHEREFORE clause as set forth in the Amended Complaint, and all sub-paragraphs thereto, constitutes a prayer for relief and contains no factual averments to which a response is required. To the extent a response is required, Defendant denies that the Plaintiff is entitled to the relief sought in the Amended Complaint.

## DENIAL OF ALL ALLEGATIONS NOT EXPRESSLY ADMITTED

Defendant denies all allegations contained in the Amended Complaint that are not expressly admitted above.

## AFFIRMATIVE DEFENSES

Defendant further alleges each and all of the following as a separate affirmative defense to the Amended Complaint.

### First Affirmative Defense

Pursuant to Federal Rules of Civil Procedure ("F.R.Civ.P.") 12(b)(6), the Amended Complaint fails to state a claim upon which relief may be granted, as Count I fails to allege the specifics of Section 547(b)(2) antecedent debt; as well as, Count II of the Complaint, merely recites the elements of section 548 in lieu of any Rule 9(b) specificity of factual allegations and

is insufficient to withstand a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949–50 (2009).

## Second Affirmative Defense

With respect to any transfer identified in Exhibit A, pursuant to Section 547(b)(2), the Plaintiff has not alleged specific facts to evidence antecedent debt for the alleged transfers.

## Third Affirmative Defense

With respect to any transfer identified in Exhibit A, pursuant to Section 547(c)(2), the same were made in payment of a debt incurred by Debtors in the ordinary course of business and financial affairs of the Debtors and Defendant, were made in the ordinary course of business or financial affairs of the Debtors and the transferee; or were made according to ordinary business terms.

## Fourth Affirmative Defense

With respect to any transfer identified in Exhibit A, Defendant, pursuant to Section 547(c)(4), gave new value for the benefit of Debtors not secured by an otherwise unavoidable security interest, and on account of which new value Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

## Fifth Affirmative Defense

With respect to any transfer identified in Exhibit A, pursuant to Section 547(c)(1) the same were intended by the Defendant and the Debtors to be a contemporaneous exchange for new value given by the Defendant to the Debtors, and in fact was a substantially contemporaneous exchange.

## Sixth Affirmative Defense

With respect to any transfer identified in Exhibit A, the transfers were not made while the Debtors were insolvent nor caused Debtors to become insolvent or to be left with unreasonably small capital.

## Seventh Affirmative Defense

With respect to any transfer identified in Exhibit A, Plaintiff has failed to meet its burden to establish a preferential transfer pursuant to 11 U.S.C. § 547(g).

## Eighth Affirmative Defense

The amounts demanded in the Amended Complaint are subject to setoff, offset and/or recoupment, as well as, as of the Debtors' Petition Date the Defendant had provided numerous short term loans to the Debtors, which were not repaid.

## Ninth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of waiver, laches, unclean hands, and/or release as provided in Federal Rule of Bankruptcy Procedure 7008(c).

## Tenth Affirmative Defense

Plaintiff's claims in the Amended Complaint are barred or limited under the applicable statute of limitations of Sections 546, 547, 548, and 550.

## Eleventh Affirmative Defense

Plaintiff is not entitled to pre- and/or post-judgment interests or costs of this action.

## Twelfth Affirmative Defense

Plaintiff's claims in the Amended Complaint are barred or limited under the applicable statute of limitations of Sections 546, 547, and 548, specifically regarding the additional claims added to the Amended Complaint, which do not relate back to the filing of the original

Complaint pursuant to Fed.R.Civ.P. 15(d) as made applicable to this proceeding pursuant to Fed.R.Bankr.P. 7015.

### Thirteenth Affirmative Defense

Defendant was not an initial nor mediate or immediate transferee and the Transfer was not made to or for the benefit of the Defendant.

### RESERVATION OF RIGHTS

Defendant reserves the right to assert or amend additional affirmative defenses as discovery progresses and facts are ascertained to support such affirmative defenses.

WHEREFORE, Defendant requests entry of the following relief:

A.      Dismissal of the Plaintiffs' Complaint, with prejudice;

B.      For judgment against the Plaintiff and in favor of the Defendant on the purposed claims for relief under Section 547 of the Bankruptcy Code;

C.      For judgment against the Plaintiff and in favor of the Defendant on the purposed claims for relief under Section 548 of the Bankruptcy Code;

D.      For judgment against the Plaintiff and in favor of the Defendant on the purposed claims for relief under Section 550 of the Bankruptcy Code;

E.      For an order that the Plaintiff and Debtors receive nothing from the Defendant under or by the Complaint;

F.      For an order that any and all purported transfers made by the Debtors to the Defendant alleged in the Complaint were not preferential within the meaning of Section 547 of the Bankruptcy Code, nor fraudulent within the meaning of Section 548, and are not recoverable under Section 550 of the Bankruptcy Code.

00530913 2                                        8

G.      For an order requiring Plaintiff and Debtors to pay the costs, expenses, and

reasonable attorneys' fees incurred in the defense of this action; and

H.      For such other and further relief as the Court deems just and appropriate.


Dated: February 20, 2018                              COOCH AND TAYLOR P.A.

                                                      /s/ *R. Grant Dick IV*
                                                      R. Grant Dick IV (Del. No. 5123)
                                                      The Brandywine Building
                                                      1000 West Street, 10th Floor
                                                      Wilmington, DE 19801
                                                      Phone: 302-984-3800
                                                      Fax:  302.984.3939
                                                      gdick@coochtaylor.com

                                                      Counsel for Mark Dunaway

## <u>CERTIFICATE OF SERVICE</u>

I, R. Grant Dick IV, certify that I caused a copy of the above *Answer And Affirmative Defenses To The Amended Complaint* to be served on the counsel below in the manner indicated.

<u>/s/ R. Grant Dick IV</u>
R. Grant Dick IV (Del. No. 5123)

**<u>Via First Class Mail</u>**
Thomas M. Horan
Johnna Darby
Shaw Fishman Glantz & Towbin, LLC
300 Delaware Avenue
Suite 1370
Wilmington, DE 19801

00530913 2